Submitted on record May 28, accused
reprimanded June 17, 1970

In re Complaint as to the Conduct of
# WALTER D. ALLEY, *Accused.*
470 P2d 943

No appearances.

PER CURIAM.

The accused was charged by several counts with violation of his verbal agreement to act as a trustee in the disbursement of certain funds. The trial com-

mittee found him not guilty. Upon review, the Board of Governors found him guilty of unethical conduct in two particulars and recommended that the accused be given a private reprimand. The accused did not contest in this court the recommendation of the Board, but the matter, nevertheless, comes to this court for final disposition.

The accused represented one, Myers, who had a convoy truck and who was in the business of purchasing used cars in the Middle West at wholesale and transporting them to the West Coast for resale. Myers required financing for his venture and contacted one, Goodwin, as a possible source of funds. With the aid of their respective attorneys, the two men entered into a written agreement by which Goodwin furnished $8,000 for the purpose of purchasing vehicles. Goodwin was to receive a set fee per car for so financing the project. The contract provided:

"(1) * * * Contractor [Myers] agrees that all transfers regarding titles, documentations and expenses shall be handled through his corporate structure, namely WESTERN BUYERS, INC., and a bank of national standing mutually acceptable to both parties.

"(2) Contractor agrees that all expenses shall be borne by himself, and no expense items shall be charged to Investor [Goodwin].

"* * * * *.

"(7) Investor agrees to deposit with the named bank the sum of $8,000.00 to be used as against drafts presented for the purchase of automobiles by Contractor, * * *.

"(8) Contractor and Investor agree that in no event shall the investment amount be reduced below $8,000.00. The $8,000.00 capital investment shall be represented by cash on hand and titles to vehicles

deposited with the bank to make up the aggregate sum."

Apart from the written agreement, the parties verbally agreed that the banked funds should be under the sole control of the accused for disbursal in accordance with the agreement, and the accused undertook such trust. The evidence is in dispute, but we believe such a verbal agreement was adequately proved. A corporate structure, Western Buyers, Inc., was established, with the accused as president. The funds were placed in the corporate name, and the accused and his secretary were the only persons with authority to draw upon the account. This was an unusual way to handle the money, unless there was some sort of an agreement that the accused would be responsible for disbursement of the funds in accordance with the agreement.

Thereafter, as custodian of the funds, the accused wrote a check on such funds in the sum of $2,000, the proceeds of which went to Myers presumably for the purpose of financing him on a trip to the Middle West to purchase vehicles. Myers deposited the titles to three automobiles with the accused as security for the advancement of the funds. The writing of this check is the basis for the first count of which the Board of Governors found the accused guilty. There was no proof that the vehicles were inadequate security for the sum advanced.

Because drafts were not presented for vehicles which had been purchased subsequent to the written agreement and the deposit of the money advanced by Goodwin, the contract was technically violated by the accused's giving $2,000 to Myers. However, we believe the violation to be technical and not substantial. There is no evidence that the deposited funds sustained any

loss as the result of this disbursement. There was evidence that loss was sustained as the result of the accused's subsequently delivering up some of these titles to Myers without the receipt of money from Myers. However, the written agreement between Myers and Goodwin is silent concerning the manner in which the vehicles were to be sold, and the accused is not charged with delivering up titles to Myers without receiving money for the vehicles which the titles represented.

■ The other count of which the Board of Governors found the accused guilty was the drawing of a check in the accused's favor for $500. Three hundred dollars of this amount was used to pay the accused for the cost of representing Myers in the transaction between the parties to the agreement, and the balance was payment of attorney's fees owed by Myers to the accused in unrelated matters.

This use of the funds by the accused was in direct and substantial violation of the contract between Myers and Goodwin and was in contravention of the accused's verbal undertaking that he would disburse the funds in conformance with the contract. Such conduct by the accused was a breach of trust and was unethical and in violation of the standards of professional conduct expected of lawyers.

There was no attempt on the part of the accused to make the disbursement appear other than it was. The check contained the memorandum, "Organization and legal expense."

■ The Board of Governors has recommended a private reprimand. We thought we had previously made it clear (and if not, we do so now) that this court will not privately reprimand an attorney. The disposition

by this court of disciplinary matters is the performance of a public trust and, as such, is the public's business and should not be disposed of in other than a public manner.

This opinion will stand as the required reprimand.