Argued on record March 31, accused reprimanded April 21, 1971

In re Complaint as to the Conduct of
ROBERT P. DICKINSON, Accused.

483 P2d 813

No appearances.

PER CURIAM

The Board of Governors of the Oregon State Bar found the accused guilty of professional misconduct. The trial committee and a majority of the Board have recommended a public reprimand. The accused has not petitioned this court for a review of the Board's recommendation and the matter is now before us for a final determination.

The important facts are not in doubt. The accused had represented a Mr. Layton in a personal injury matter and obtained a settlement of $3,000. When the proceeds of the settlement were disbursed, accused retained, in the form of a check made out to his order, an amount representing his fee in the personal injury

case, $168 to pay doctor and hospital bills incurred by Mr. Layton in connection with his injury, $100 for filing fees in a contemplated bankruptcy proceeding, and $350 for attorney fees in connection with the bankruptcy. Accused deposited this check in his office account instead of in his trust account.

Acting as attorney for Mr. and Mrs. Layton, he later prepared and filed their petitions in bankruptcy, listing as a creditor the doctor whose bill he had retained funds to pay. The petition did not disclose that he held this money.

Accused was notified of the first meeting of creditors in the bankruptcy proceedings, but he did not attend or notify his clients that he would not be there. The Laytons' testimony at the meeting raised questions about the money withheld by accused from the settlement, and about the amount of the fee charged the Laytons for his services in the bankruptcy. Over a period of several months, accused failed to respond to letters from the trustee concerning these matters, to a referee's order to account and to show cause why his fee should not be reduced, and to an order of the referee directing him to pay certain sums to the trustee. Only after being ordered by the referee to appear and show cause why he should not be held in contempt did he pay over the designated amounts.

Accused testified that the settlement proceeds were disbursed under highly unusual circumstances due to an urgent request by the Laytons that their money be made available before the check for the settlement had time to clear through normal banking channels. Only because of these unusual circumstances did he obtain a check which included both his fee and amounts to be disbursed in the future on the Laytons'

behalf. He did not attempt to justify depositing the check in his office account.[1]

He also testified that during the period when he failed to appear in the bankruptcy proceedings and to respond to communications and orders of the trustee and referee, he was under severe pressures resulting from a combination of an illness following a severe injury, the difficulties of carrying on a busy practice without associates, and a bitter and time-consuming child custody dispute with his former wife. Other witnesses also testified to his personal difficulties during this period.

Accused is clearly guilty of commingling about $268 of his client's funds with his own, and of neglect in his representation of the Laytons and in the discharge of his responsibilities to the bankruptcy court. It appears, however, that his behavior was not prompted by any ulterior motives, that it was a result of a temporary combination of personal and professional stresses, and that there is no reason to anticipate a recurrence. Under these circumstances, we agree with the Board that a public reprimand is the appropriate sanction. See *In re Walter D. Alley*, 256 Or 51, 470 P2d 943 (1970); *In re Chester N. Anderson*, 244 Or 347, 418 P2d 498 (1966). This opinion will stand as a reprimand.

---

[1] Accused was not charged with any attempt to aid the Laytons in an improper manipulation of these funds in connection with the impending bankruptcy, and the evidence contains no suggestion of any such improper purpose in the disbursement transaction.